United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ventures Trust (aka JPMorgan Chase Bank), Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 18-60714-Civ-Scola ) |
| Ernest P. Ricci, Defendant. | ) ) |

## **Order Remanding Case**

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court concludes that subject-matter jurisdiction over this action is lacking.

Defendant Ernest P. Ricci, proceeding pro se, purports to remove a foreclosure case from state court in the Seventeenth Judicial Circuit of Broward County. He claims the Court "has original jurisdiction pursuant to 28 USC 1334." (Def.'s Not. of Removal ¶1.1, ECF No. 1, 2.) Ricci alleges no facts supporting removal and instead simply refers the Court to a "civil Complaint." As best the Court can discern, however, Ricci has not attached the underlying state-court complaint to his notice of removal.[1] Ricci does not assert that the Court's diversity-jurisdiction is implicated. Ricci refers to the complaint filed against him simply as a "foreclosure state case." (*Id.* at 1.) There is no indication whatsoever that the state-court complaint contains anything other than a state-law claim of foreclosure.

"[T]o be removable on federal-question jurisdiction grounds, the case must arise under federal law." *Madzimoyo v. Bank of N.Y. Mellon Trust Co., N.A.*, 440 F. App'x 728, 730 (11th Cir. 2011). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). But a state-law claim that clearly raises a disputed, substantial federal issue may give rise to federal-question jurisdiction if a federal court can address the issue "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Madzimoyo*, 440 F. App'x at 730 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308,

---
[1] Ricci has attached what purports to be a complaint filed in the Southern District of Florida which is titled, "1983 Bivens Civil Action Complaint." It is unclear what relevance that document has to Ricci's notice of removal.

314 (2005)). Ricci does not explain how any federal issue is raised by this foreclosure case. Even if some federal laws regulate some aspect of the lending industry, this would still not be enough to give rise to federal-question jurisdiction under the *Grable* analysis. *Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 617-18 (N.D. Tex. 2005). It is thus clear to the Court that there is no federal-question jurisdiction over this case.

Although this is reason enough to remand this case to state court, the Court has also reviewed Ventures Trust's motion to remand. According to Ventures Trust, the instant notice is successive to a notice of removal that was assigned to Judge William P. Dimitrouleas in Case No. 17-61637-Civ. When Ricci failed to respond to Ventures Trust's motion to remand in that case, Judge Dimitrouleas granted the motion. Judge Dimitrouleas denied Ricci's motion to reconsider that order, and the Eleventh Circuit dismissed his appeal of that order on December 19, 2017. Additionally, according to Ventures Trust, Ricci's notice in this case is exceptionally untimely: Ricci was served by publication in August 2013 and therefore his deadline to remove was in 2013. It therefore appears, in addition to being subject to remand based on a lack of a federal question or diversity, Ricci's removal may also be both successive and untimely as well. As a result, Ventures Trust asks this Court to enter an order to show cause why Ricci should not be sanctioned for filing a frivolous notice of removal.

Because the Court finds no federal-question jurisdiction in this case it **orders** that this case be **remanded** back to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. Because the Court remands for that reason, it **denies** Ventures Trust's motion to remand **as moot**. (**ECF No. 5**.) At the same time the Court orders Ricci to respond to Ventures Trust's request that the Court impose attorneys' fees in this case based on the alleged frivolousness of Ricci's notice of removal. Ricci's response must be filed on or before **April 30, 2018**.

In the meantime, the Clerk is directed to **close** this case and take all necessary steps to ensure the prompt remand of this action and transfer this file back to the state court.

**Done and ordered** at Miami, Florida, on April 16, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

**Copy via U.S. mail to**:
Ernest P. Ricci
180 Plain road
North Kingstown, RI 02852